## IN THE SUPERIOR COURT OF GUAM

GILBERTO FLORENDO KUSTERBECK, )
                              )
              Petitioner, )
                              )
        vs. )
                              )
ROSANNA VILLAGOMEZ-AGUON, )
CHIEF PROBATION OFFICER, )
PROBATION SERVICES DIVISION, )
JUDICIARY OF GUAM; LEO S. DIAZ, )
MARSHAL OF THE COURTS, )
MARSHALS SERVICES DIVISION, )
JUDICIARY OF GUAM; COLONEL )
ALAN P. BORJA, WARDEN, GUAM )
DEPARTMENT OF CORRECTIONS, )
                              )
          Respondents. )
_____ )

SPECIAL PROCEEDINGS CASE NO. SP0080-25

DECISION AND ORDER
RE. VERIFIED PETITION FOR WRIT
OF HABEAS CORPUS

## INTRODUCTION

This matter is before the Honorable Maria T. Cenzon on Gilberto Florendo Kusterbeck's ("Petitioner") Verified Petition for Writ of Habeas Corpus (the "Petition") filed on May 23, 2025. Representing the Petitioner is Attorney Peter C. Perez ("Counsel"). The named Respondents in this matter are Rosanna Villagomez-Aguon, Chief Probation Officer, Probation Services Division, Judiciary of Guam; Leo S. Diaz, Marshal of the Courts, Marshals Services Division, Judiciary of Guam; and Colonel Alan P. Borja, Warden, Guam Department of Corrections. Having reviewed the Petition and the applicable statutory and case law, the Court now issues its

Decision and Order **DENYING** the Petitioner's Petition and **DISMISSING** the Petition without prejudice.

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

In *People v. Kusterbeck*, Criminal Case No. CF0142-20, on August 25, 2022, a jury of his peers found the Petitioner guilty of the following offenses: the First Charge of First Degree Criminal Sexual Conduct (As a First Degree Felony), and Two Counts of the Second Charge of Second Degree Criminal Sexual Conduct (As a First Degree Felony). *See Petition* at 7. The Petitioner was sentenced to the following: as to the First Charge, eighteen (18) years' imprisonment at the Department of Corrections; as to the Second Charge, Count One, five (5) years' imprisonment to run concurrent to all other sentences imposed; as to the Second Charge, Count Two, five (5) years' imprisonment to run concurrent to all other sentences imposed. *Id.* The Petitioner appealed his conviction in *People v. Kusterbeck*, 2024 Guam 3, and the Guam Supreme Court affirmed his convictions. *Id.* at 9. On October 18, 2024, the Petitioner filed a Petition for Rehearing before the Supreme Court of Guam, which denied it on March 26, 2025. *Id.* According to the Petition, Defendant has been on release during his appeal, and is ordered to self-surrender on June 2, 2025. *Petition* at 9, ¶ 20.

## DISCUSSION

The Petitioner is entitled to habeas corpus relief if he has been "unlawfully imprisoned or restrained of his liberty." 8 GCA § 135.10. The Petitioner admits that, at the time of filing this *Verified* Petition, "he has been restrained of his liberty *or is subject to* unlawful imprisonment by the … Respondents." *Petition* at 2, ¶ 2. However, Petitioner is not in custody but is released on conditions pending his appeal. *Id.* He is ordered "to self-surrender to the Department of

Corrections on June 2, 2025, pursuant to his sentence as ordered in the Judgment of Conviction." *Id.* at 9, ¶ 20.

As Section 135.10 provides, *habeas corpus* relief is appropriate if the Petitioner has been unlawfully imprisoned or restrained of his liberty. The Petitioner himself admits that he is *not* in the custody of DOC, but attempts to convolute the statute by arguing that it applies where a Petitioner is "subject to" unlawful imprisonment. Petitioner has submitted no law in support of expanding Guam's Writ of Habeas Corpus laws. As such, because Petitioner is not "in custody" of the Department of Corrections (or in the custody of the Chief of Probation or the Marshal of the Courts), the Petition is **DENIED**. See, *May v. People of Guam*, 2005 Guam 17, ¶ 31 (Supreme Court ruling it lacked jurisdiction to hear appeal of *habeas corpus* petition because May was not in the custody of the prison system; therefore, does not fit the "in custody" requirement of *habeas corpus*.

With regard to the argument that Respondents Villagomez-Aguon and Diaz "subject[]" Petitioner to restrictions on his liberty, to release conditions, to limitations on his movements and to supervision, the Petitioner has cited no applicable case authority supporting the extension of Guam's *habeas corpus* provisions to restraints on liberty imposed on Petitioner, such as pre-trial release conditions or conditions restricting movement or activity pending appeal.[1] On this basis, the Petition is **DENIED.**

Finally, Section 135.14 requires that a copy of the petition must "in all cases *be served upon the Attorney General* at least 24 hours before the time at which said writ is made returnable

---

[1] This Court is aware that the Ninth Circuit has previously determined that such restraints on liberty pending adjudication, probation or parole satisfy the "in custody" requirement; however, such principle has not been adopted by the Guam Supreme Court and the Court will not extend the law to include such conditional release conditions. Instead, the strict interpretation of "in custody" applies – who has custody of the *corpus*. In this instance, Petitioner is in the custody of none of the Respondents.

*and no application for such writ can be heard without proof of such service in cases where such service is required.*" *See* 8 GCA § 135.14. (emphasis added). Without proof of service, the Court cannot proceed to hear the Petition without proof of service. Indeed, the Petitioner has provided no proof of service upon any interested person.

Here, the Petitioner has not filed an affidavit of service or some form of proof of service that the Office of the Attorney General has been served a copy of the Petition. Based on a plain reading of the statute, the Court cannot proceed to hear the merits of the Petition.[2] Therefore, on these additional grounds, the Petition must be **DENIED.**

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Petitioner's Verified Petition for Writ of Habeas Corpus.

SO ORDERED this 30th day of May, 2025.



**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

Peter C. Perez

Date: JUN 2 2025 Time: 9:15 AM

Edna M. Nego
Deputy Clerk, Superior Court of G.

---

[2] Certainly, there is precedent for a denial of a petition based on procedural defectiveness. In *Ignacio v. People*, 2012 Guam 14, the Guam Supreme Court denied a habeas corpus petition because the petition was untimely based on California authority. *See Ignacio*, 2012 Guam 14 ¶ 14; *see also Aguon v. Beckron*, 2020 Guam 7 ¶¶ 20-28 (Petition was denied due to a lack of justification for the substantial delay other than broad assertions). See also *Eli Charfaruros Quintanilla v. Allen Borja, et al.*, Special Proceedings No. SP162-24, Decision and Order *Petition for Writ of Habeas Corpus* (Mar. 24, 2025).